## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH JOHNS, ) | |
| ) | |
|       Petitioner/Defendant, ) | |
| ) | CIVIL NO. 04-cv-4134-JPG |
| vs. ) | |
| ) | CRIMINAL NO. 02-cr-40004 |
| UNITED STATES of AMERICA , ) | |
| ) | |
|       Respondent/Plaintiff. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Pursuant to a plea agreement and stipulations of fact, On June 13, 2002, Petitioner pleaded guilty to one count of conspiring to distribute crack cocaine, in violation of 21 U.S.C. § 846. On November 15, 2002, the Court imposed a sentence of 168 months imprisonment, five years supervised release, a special assessment of $100.00, and a fine of $100.00. Petitioner appealed, and Counsel filed a motion to withdraw, relying on *Anders v. California*, 386 U.S. 738 (1967). In that motion, Counsel identified two potential issues for appeal, each of which he deemed frivolous: (1) the voluntariness of Petitioner's guilty plea and (2) computation of Petitioner's sentence. The Seventh Circuit agreed with Counsel's reasoning, granted the motion to withdraw, and dismissed the appeal. *See United States v. Johns*, 74 Fed. Appx. 633, 635 (7th Cir. 2003). Petitioner also argued that trial counsel was ineffective, but the Seventh Circuit found that such a claim was better

presented in a collateral attack.  *Id.*  Less than a year later, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255.

As pointed out by the Seventh Circuit, Petitioner entered into a plea agreement with the Government.  Petitioner now claims that counsel was ineffective because "[t]he plea-agreement contract was induced by fraud, duress, coercion & submission by the manipulation of the 'esquire' attorney of the court;" essentially, he claims that his plea agreement was not knowing and voluntary.

> Because the district court substantially complied with Rule 11, we agree with counsel that any challenge to Johns's guilty plea would be frivolous.  *See United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002).  The court informed Johns of the nature of the charge, the possible penalties he faced (and specifically addressed how the penalties would depend on the amount of crack), the effect of supervised release, and the application of the sentencing guidelines to his case.  FED.R.CRIM.P. 11(b)(1)(G)-(I), (M).  The court also informed him of his right to maintain his "not guilty" plea, explained the various rights he was giving up by pleading guilty, and confirmed that an adequate factual basis existed for the plea.  FED.R.CRIM.P. 11(b)(1)(B)-(F), (b)(3).  Further, the court questioned Johns to ensure that he was not pressured or coerced to plead guilty, FED.R.CRIM.P. 11(b)(2), explained to him that his sworn testimony during the plea hearing could be used against him in a future perjury prosecution, FED.R.CRIM.P. 11(b)(1)(A), and explained the effect of the appellate waiver in Johns's plea agreement on his right to appeal or otherwise attack his sentence, FED.R.CRIM.P. 11(b)(1)(N).

*Johns*, 74 Fed. Appx. at 634.

Because this claim was already presented and rejected on direct appeal, Petitioner cannot raise this issue again.  *See Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States,* 26 F.3d 717 (7th Cir. 1994) (issues raised on direct appeal cannot be raised again in a § 2255 motion, absent a showing of changed circumstances).  Therefore, neither the plea agreement or the waiver provisions contained therein may be set aside.

Petitioner's other arguments in this § 2255 motion relate to his sentence.  He first presents the creative argument that because this Court is not registered to do business in the State of Illinois,

it does not have the power to enforce a contract, specifically in this case his plea agreement. This argument is without merit.

Petitioner next argues that the Government breached the plea agreement by failing to file a motion for reduction of sentence. *See* FED.R.CRIM.P. 35. However, the plea agreement states in relevant part:

> Defendant and the Government agree that based upon substantial assistance rendered through the complete and total cooperation of Defendant, the Government may, in the sole discretion of the United States Attorney, file either a motion under § 5K1.1 of the Sentencing Guidelines or a motion under Rule 35 of the Federal Rules of Criminal Procedure advising the Court of a recommended reduction in sentence. The Motion, if any, will <u>only</u> be filed if the assistance rendered by the Defendant is found to be complete and <u>thoroughly</u> <u>truthful</u>, regardless of the outcome of any trial or hearing at which the Defendant may testify. However, the Defendant has been informed that, in general, the United States Attorney will recommend no more than one-third off of the lowest end of the Sentencing Guideline range ultimately determined by the Court. <u>The Defendant understands that any reduction of sentence, and the extent of that reduction, lies in the discretion of the Court</u>.

Plea agreement at ¶ 10 (Doc. 37, criminal case, emphasis in original).

Where a plea agreement vests the United States Attorney with "sole discretion" to move for a departure, the Government does not breach that agreement when it declines to move for a departure because the Government has not promised to make a motion for a sentence reduction. *United States v. Lezine*, 166 F.3d 895, 902 (7th Cir. 1995); *see also United States v. Burrell*, 963 F.2d 976, 985 (7th Cir. 1991); *United States v. King*, 62 F.3d 891, 894 (7th Cir. 1995). In such a situation, the Government is simply affirming "its discretion to move for a departure if it determined that the defendant had provided substantial assistance." *Lezine*, 166 F.3d at 902; *see also Burrell*, 985 F.2d at 985.

It is well established that the courts are without authority to review the prosecution's refusal to file a Rule 35 motion unless the prosecution acted on an unconstitutional motive, such as race or

religion, or unless such refusal is not rationally related to a governmental interest. *Wade v. United States*, 504 U.S. 181, 185-86 (1992). The Seventh Circuit has limited the scope of *Wade's* "unconstitutional motive" to allegations of improper prosecutorial bias with respect to race, ethnicity, or religion. *See King*, 62 F.3d at 895-96 ("allowing district court to depart . . . without a government motion would not serve the interest of eliminating prosecutorial bias contemplated by the *Wade* Court."). No improper motive is alleged in this motion; therefore, the Court is unable to find that the Government breached the plea agreement. It follows that Counsel was not ineffective in failing to object to the Government's inaction.

Finally, Petitioner filed a motion to amend his § 2255 (Doc. 3), stating that he wishes "to include a Blakely claim." The Court assumes that he believes that his sentence is invalidated by the recent Supreme Court cases of *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *United States v. Booker*, 125 S.Ct. 738 (U.S. Jan. 12, 2005), but the Seventh Circuit already has held that these rulings do not apply retroactively to convictions that were final prior to the *Booker* decision. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

Because the waiver provisions of a plea agreement are enforceable, Petitioner has waived any right to bring this Section 2255 challenging various aspects of his sentence. Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated:  January 3, 2006**

                                                       s/ J. Phil Gilbert
                                                       U. S. District Judge